FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 13  PM 3: 24

UNITED STATES OF AMERICA,

    Plaintiff,

- against -

Civil No. GLR 13 cv2717

$98,574 in U.S. Currency and
$7,000 in Money Orders,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act and the money laundering statutes that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

### THE DEFENDANTS IN REM

2. The defendant is $98,574 in U.S. Currency and $7,000 in money orders.

3. The defendant property comprises the funds seized from the following locations on the following dates:

| Date | Amount | Location |
|------|--------|----------|
|      |        |          |

| 3/22/13 | $63,279.00 | 1800 Willow Spring Road, Baltimore, MD |
|---------|-----------:|----------------------------------------|
| 3/22/13 | $34,977.00 | 3141 Sollers Point Road, Baltimore, MD |
| 3/22/13 | $318.00 | 1800 Willow Spring Road, Baltimore, MD |
| 3/22/13 | $7,000 (9 money orders) | 3141 Sollers Point Road, Baltimore, MD |
|  |  |  |
|  | $105,574.00 |  |

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture under the following alternative theories:

   A. Pursuant to 21 U.S.C. § 881(a)(6) because it represents moneys, negotiable instruments and other things of value furnished and intended to be furnished in exchange for a controlled substance, a controlled substance analogue, or proceeds traceable to such an exchange, in violation of 21 U.S.C. §§ 841, 813 and 802(32)(A);

   B. Pursuant to 21 U.S.C. § 881(a)(6) because it represents moneys and negotiable instruments used and intended to be used to facilitate the lease, rent, use, maintenance, management and control of a place, to wit: a business known as Up in Flamez, for the purpose of manufacturing, distributing, storing and using a controlled substance analogue, in violation of 21 U.S.C. §§ 856, 813 and 802(32)(A);

   C. Pursuant to 18 U.S.C. § 981(a)(1)(A) because it represents property involved in a violation of 18 U.S.C. §§ 1956 and 1957, or property traceable to such property.

8. To the extent that it is necessary to do so, Plaintiff intends to rely on the provisions of 18 U.S.C. § 984 to establish that the defendant property is the property involved

in the violations of 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) described above.

## FACTS

9. This complaint is based on the facts set forth in the Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which is attached and incorporated herein.

10. Based on the foregoing, there are sufficient facts to support a reasonable belief that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the Secretary of the Treasury dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: September 12, 2013

        Respectfully submitted,

        Rod J. Rosenstein
        UNITED STATES ATTORNEY
        District of Maryland

By: _____
        Stefan D. Cassella
        Assistant U.S. Attorney
        36 South Charles Street
        Fourth Floor
        Baltimore, MD 21201

410 209-4986

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $105,574.00 in United States Currency.

I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $63,279.00, $34,977.00, $7,000.00 and $318.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. During the month of January 2012, members of Baltimore County Police Narcotics Section, hereafter referred to as BCPD, received information that a subject named "Bruce" was selling cocaine and marijuana out of his residence and business.

b. The source of information advised that "Bruce" lived on Sollers Point Road, and that his business, "Up In Flamez", was located on Willow Spring Road.

c. Bruce Lloyd Bradburn is the sole owner of "Up In Flamez".

d. Based on prior narcotics cases, "Bruce" was known to members of BCPD as Bruce Lloyd Bradburn, who resided at 3141 Sollers Point Road, and owned a business called "Up In Flamez" located at 1800 Willow Spring Road.

e. During a 2009 case that established that Bruce Lloyd Bradburn was selling Oxycodone, members of BCPD executed search and seizure warrants on both of these locations which resulted in the seizure of marijuana, Oxycodone, Lorazepam, Diazepam, a handgun, and $2,077.00 U.S. Currency.

f. During a post-Miranda interview, Bruce Lloyd Bradburn told members of BCPD that he sold pills to help with paying the bills.

g. The business "Up In Flamez" is known to sell smoking devices and other items commonly used by people involved in the use and distribution of CDS.

h. During the course of this case, members of BCPD were able to orchestrate the purchase of cocaine directly from Bruce Lloyd Bradburn.

i. These drug transactions occurred both at Bruce Lloyd Bradburn's residence and his place of business.

j. On March 22, 2013, search and seizure warrants were executed on Bruce Lloyd Bradburn's residence, 3141 Sollers Point Road; and his place of business, "Up In Flamez",

located at 1800 Willow Spring Road which was obtained in the Circuit /District Court for Baltimore County before the Honorable Judge S. Chester on March 21, 2013.

k.  During pre-warrant surveillance, members of BCPD observed Bruce Lloyd Bradburn and his girlfriend, Jessica Marie Davis, arrive at "Up In Flamez".

l.  Both Bruce Lloyd Bradburn and Davis were placed under arrest, and the search and seizure warrant of the business was executed.

m.  Recovered from Bruce Lloyd Bradburn's person was $318.00 U.S. Currency (Exhibit N-4.)

n.  Three employees: Michelle Nicole Nebinger, Jennifer Amanda Nebinger, and Dana Louise Bradburn were found in the business.

o.  As a result of this warrant, members of BCPD recovered approximately 33 grams of cocaine; a large quantity of prescription medication; a large quantity of synthetic marijuana; a handgun; and drug paraphernalia.

p.  A total amount of $63,279.00 U.S. Currency (Exhibit N-1) was seized from two cash registers and two safes within the store.

q.  Bruce Lloyd Bradburn claimed ownership to the cocaine.

r.  The search and seizure warrant for Bruce Lloyd Bradburn's residence, 3141 Sollers Point Road, was executed simultaneously with the search and seizure warrant at the business.

s.  No one was located at 3141 Sollers Point Road. Davis is also a resident of 3141 Sollers Point Road.

t.  As a result of this warrant, approximately 6 ounces of marijuana was recovered along with a large quantity of prescription medication; a large quantity of synthetic marijuana; drug paraphernalia; and $34,977.00 U.S. Currency (Exhibit N-2).

u.  Bruce Lloyd Bradburn and Davis were charged with felony drug charges.

v.  A criminal history check on Bruce Lloyd Bradburn revealed the following.

(ONLY DRUG RELATED CHARGES ARE HIGHLIGHTED BELOW)

07/00 Possession of marijuana
(Nolle Prossed)

09/00 Possession of marijuana
Possession of drug paraphernalia
(Probation before judgment and fined $70.00) and possession of CDS paraphernalia

(Nolle Prossed)

10/06 Attempt CDS: Obtain by fraud (Nolle Prossed)
Possession of marijuana (Probation before judgment and fined $500.00)

04/09 Possession with intent to distribute CDS
Possession with intent to distribute narcotics
Possession of marijuana
Possession of CDS - not marijuana (3 counts)
Possession of drug paraphernalia (**GUILTY** and given a sentence of 6 months of which 6 months were suspended and given 6 months of probation); CDS possession with the intent to distribute (Nolle Prossed), CDS possession of marijuana (Nolle Prossed) and 3 counts of CDS possession-not marijuana (All Nolle Prossed)

03/13 Possession with intent to distribute CDS       (THIS CASE)
Possession with intent to distribute narcotics
Possession of CDS - not marijuana one Scales, smoking pipes, packaging, containers with hidden compartments, grinders, and a money counter.
Regulated firearm: illegal
Possession of marijuana
Drug paraphernalia

w. No prior criminal record could be found on Davis; however, she was charged with possession with intent to distribute CDS, possession of marijuana, and possession of drug Paraphernalia in this case.

x. A check made through Maryland State Wage and Records, which are maintained through the daily course of business, revealed that neither Bruce Lloyd Bradburn nor Davis had any record of reported legitimate income in the State of Maryland.

y. The $63,279.00 U.S. Currency (Exhibit N-1) recovered from 1800 Willow Spring Road, Baltimore, Maryland 21222. The $34,977.00 U.S. Currency (Exhibit N-2) recovered from 3141 Sollers Point Road, Baltimore, Maryland 21222. Also, (9) Assorted money orders with a total value of $7,000.00 (Exhibit N-3) were recovered at the 3141 Sollers Point Road, Baltimore, Maryland 21222. $318.00 was seized from 1800 Willow Spring Road, Baltimore, Maryland 21222. All the seized currency occurred on March 22, 2013.

z. A check through the Maryland Department of Assessments and Taxation revealed that Bruce L. Bradburn, Jr. owns 3141 Sollers Point Road, Baltimore, Maryland 21222.

aa. A check with BGE revealed the subscriber for service at 3141 Sollers Point Road, Baltimore, Maryland 21222 is Bruce Lloyd Bradburn Jr.

bb. A check through the Maryland Department of Assessments and Taxation revealed Bruce Lloyd Bradburn is the only listed resident agent for Up in Flamez located at 1800

Willow Spring Road, Baltimore, Maryland 21222. This inquiry also lists Bruce Bradburn's residence as 3141 Sollers Point Road, Baltimore, Maryland 21222.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $105,574.00 U.S. CURRENCY FROM BRUCE L. BRADBURN ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Dennis W. Maye
Special Agent
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Special Agent of the DEA, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

DATE:   September 13, 2013

TO:     Kristine Cupp
        U.S. Marshal Service

FROM:   Jennifer Stubbs
        Legal Assistant
        U.S. Attorney's Office - District of Maryland

RE:     **U.S. v. $98,574 in U.S. CURRENCY and $7,000 in MONEY ORDERS**

        **Civil Action No.**

        **CATS ID 13-DEA-582358, 582368, 582334, 582496
        Agency Case No. - GD-13-0198**

---

The United States has filed a forfeiture action against **$98,574 in U.S. CURRENCY and $7,000 in MONEY ORDERS.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.



Attachment

1

| U.S. Department of Justice | PROCESS RECEIPT AND |
| United States Marshals Service | RETURN |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | GLR 13cv2717 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $98,574 in U.S. Currency and $7,000 in Money Orders | Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

GD-13-0198/13-DEA-582358, 582368, 582334, 582496

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Jennifer Stubbs/Legal Assistant
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE |
|---|---|---|
| /s/ Cassella | (410)209 4800 | 9/13/13 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service | Time am pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED     SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT   2. USMS Record   3. Notice of Service   4. Billing Statement   5. Acknowledgment of Receipt